# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Jungsup Kim (JK4776)
Law Office of Jungsup Kim LLC
Continental Plaza II
411 Hackensack Ave, 2nd Floor
Hackensack, New Jersey 07601
(201) 509-3367

Attorneys for Plaintiffs
Korean American Chamber of Commerce U.S.A., LLC,
Richard C Cho and Rosemary C. Sul

| | |
|---|---|
| KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A, LLC; RICHARD C. CHO; and ROSEMARY C. SUL <br> Plaintiffs, <br> v. <br><br> OVERSEAS KOREAN FOUNDATION; and KYU-HYUNG CHO a/k/a Kyuhyung Cho or Gyu-Hyung Cho, an individual, <br> Defendants. | Civil Action No. : _____ <br><br> **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT** <br> **(Filed Electronically)** |

Plaintiffs Korean American Chamber of Commerce U.S.A., LLC, Richard C. Cho and

Rosemary C. Sul (hereinafter "Plaintiffs" together) for their Complaint against Defendants

Overseas Korean Foundation and Kyu-Hyung Cho hereby alleges as follows:

## THE PARTIES

1.      Plaintiff KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A., LLC a/k/a

United Korean American Chamber of Commerce and KACCUSA (hereinafter "KACCUSA") is and at all

relevant times herein was, a New Jersey Limited Liability Company.

1

2.      Plaintiff RICHARD C. CHO (hereinafter "R. CHO") is now, and at all times relevant to this action was, an individual residing in the County of Bergen, New Jersey.  He is Chairman of KACCUSA.

3.      Plaintiff ROSEMARY C. SUL (hereinafter "SUL") is now, and at all times relevant to this action was, an individual residing in California. She is Director of KACCUSA.

4.      Defendant OVERSEAS KOREAN FOUNDATION ("OKF") is now, and at all times relevant to this action was, an organization established in Seoul, South Korea.

5.      Defendant KYU-HYUNG CHO a/k/a Kyuhyung Cho or Gyu-Hyung Cho ("K. Cho") is now, and at all times relevant to this action was, an individual residing in Seoul Korea.  K. Cho is Chairman and/or Representative of OKF.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the First Cause of Action under 15 U.S.C. §1121(a) (action arising under the Lanham Act) and 28 U.S.C. §§1331, 1338(a) (federal question) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because, among other things, the facts giving rise to the acts or omissions alleged herein took place at least in part in this District and/or because Plaintiff KACCUSA is subject to personal jurisdiction in this District.

## FACTURAL BACKROUND

8.      This matter concerns the trademark infringement by Defendants Overseas Korean Foundation and Kyu-Hyung Cho against the owner of the following registered trademark: "HANSANG" U.S. Trademark Registration No. 86443547.

2

9.      KACCUSA is a nationwide organization of Korean-American businesses in the States whose goal is to further the interests of the businesses, their business owners nationwide and advocating on behalf of the Korean-American business community.

10.      OCF is an organization established by Korean government using the capabilities of overseas Koreans for national development of South Korea, and ultimately make them support the Korean government.

11.      OCF is operating its web-sites www.okf.or.kr and, upon information and belief, hansang.net, other web-sites, SNS and etc. (hereinafter "Infringing Website").

12.      HANSANG (한상 in Korean) means an overseas Korean businesspersons' convention and/or association which has been used by KACCUSA since 1982 when it was voluntarily established by Korean-American business persons in the United States.

## FERST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

13.      Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs of the Complaint as part of this cause of action.

14.      Plaintiffs hold a valid and existing federal registration for the Mark.

15.      Defendants plan to hold an overseas Korean convention in South Korea during the period from October 13, 2015 to October 15, 2015.

16.      Defendants have marketed, advertised and sold, and continues to market, advertise and sell their tickets for the convention using the Mark through the Infringing Website, direct mails and electronic mails throughout the United States, which are confusingly similar to Plaintiffs' services and activities.

3

17.     Defendants' activities as alleged herein have caused, and are likely to continue to cause confusion, mistake, or deception of customers in Korean-American community in the United States to the detriment of Plaintiffs.

18.     Plaintiffs have no control over the current quality of services provided by Defendants, and because of the confusion as to the source of the services engendered by Defendants, Plaintiffs' valuable goodwill in respect to its Mark is at the mercy of Defendants.

19.     The goodwill of Plaintiffs' business is of enormous value, and Plaintiffs will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

20.     Defendants' use of the Mark as alleged herein, and marketing, advertising and services using the Mark throughout the United States was done without the knowledge, consent or permission of Plaintiffs and continues without the consent or permission of Plaintiffs.

21.     Defendants have violated the trademark rights of Plaintiffs under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. § 1114.

22.     Plaintiffs will be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further use of the Mark and any further marketing, advertising or services using the Mark.

23.     Plaintiffs have no adequate remedy at law and serious damage to their trademark rights will result unless Defendants' wrongful use of the Mark is enjoined by the Court.

24.     Plaintiffs also are entitled to an order requiring the Infringing Website to stop the use of the Mark in it.

25.     Defendants have continued to use the Mark notwithstanding that they have actual knowledge of Plaintiffs' superior trademark rights as alleged herein. Defendants' infringement of

the Mark accordingly constitutes intentional, willful, knowing and deliberate trademark infringement. Plaintiffs therefore seek judgment in the amount of three (3) times their damages, together with reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

26.     Defendants' infringement of the Mark as alleged herein has caused, and will continue to cause Plaintiffs to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendants to gain revenues and/or profit in an amount unknown at this time. Pursuant to 15 U.S.C. §1117(a), Plaintiffs are entitled to an award of monetary damages in an amount equal to the losses suffered by Plaintiffs or the revenues and/or profits gained by Defendants, which damages should be augmented as provided 15 U.S.C. §1117(a).

27.     Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to Plaintiffs should be trebled.

28.     Pursuant to 15 U.S.C. §1117(a), Plaintiffs are entitled to an award of attorney fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief against Defendants as follows:

29.     For a **temporary, preliminary and permanent injunction restraining and enjoining Defendants**, and its agents, servants, employees, and all others in active concert or participation with them, as follows:

30.     For an order requiring the transfer and/or cease of the Infringing Website(s).

31.     For an order that Defendants issue a press release stating that they are ceasing all use of the name "HANSANG" and that the Mark "HANSANG" and its logo has been owned by Plaintiffs.

32.     For an award of damages suffered by Plaintiffs, plus any revenues and/or profits earned by Defendants as a result of Defendants' trademark infringement in an amount to be proven at trial.

33.     For an award of augmented damages as alleged herein pursuant to 15 U.S.C. §1117(a).

34.     For an award of PUNITIVE AND EXEMPLARY DAMAGES in an amount to be proven at trial, but sufficient to punish and deter the Defendants.

35.     For an award of attorney fees and litigation expenses and costs to the maximum extent allowed by law.

36.     For such other and further relief as the court deems just and proper.


Dated:  September 11, 2015                    Law Office of Jungsup Kim LLC

                                              s/Jungsup Kim_____
                                              Jungsup Kim
                                              411 Hackensack Ave 2nd Floor
                                              Hackensack NJ 07601
                                              (201) 509-3367 / (201) 586-0278 FAX
                                              kimjungsup.esq@gmail.com

                                              Attorney for Plaintiffs


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceedings.

Dated:  September 11, 2015                    Law Office of Jungsup Kim LLC

                                              s/Jungsup Kim_____
                                              Jungsup Kim